David ZAIRE, Plaintiff–Appellant,

v.

M. CORYER, Correction Officer, M. Vincent, Correction Officer, D. Armitage, Correction Lieutenant; R. Minogue, Correction Captain, Clinton Correctional Facility, Defendants–Appellees.

No. 05–2275–pr.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Shay Dvoretzky (Michael S. Fried, John D. Fred, of counsel), Jones Day, Washington, DC, for Appellant.

Andrea Oser, Assistant Solicitor General of the State of New York, of counsel (Eliot Spitzer, Attorney General of the State of New York, on the brief), Albany, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Zaire, an inmate in the custody of New York's Department of Correctional Services ("DOCS"), has filed various claims arising out of a September 19, 2002 incident in the bathhouse of the Clinton Correctional Facility. On April 11, 2005, the district court granted defendants' motion for summary judgment. Zaire appealed. By order dated January 6, 2006, we granted Zaire's motion to proceed *in forma pauperis* as to his First Amendment retaliation claim, but denied the motion and dismissed his appeal in all other respects.[1] The parties' familiarity with the facts is assumed.

An inmate raising a retaliation claim must show "first, that he engaged in constitutionally protected conduct, and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir.2003). That is, an inmate must demonstrate both an adverse action and a causal connection between that action and the protected conduct. *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir.2003). An action taken by prison officials will be considered "adverse" only if the action "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.... Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker,* 239 F.3d 489, 493 (2d Cir.2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (internal citations omitted). Where, as here, a plaintiff appeared *pro se* in the district court, we must read his papers "liberally, interpreting them to raise the strongest arguments that they suggest." *Bennett,* 343 F.3d at 137 (internal quotation marks and citation omitted).

Zaire alleges various retaliatory actions by prison officials following the bathhouse incident. As to the termination of his work assignment in Clinton's tailor shop and the purported confiscation from his cell of various personal papers, we conclude that Zaire has waived his right to consideration of these allegations on appeal. Zaire failed not only to exhaust administratively his claim regarding the tailor shop termination, but also to challenge properly the district court's holding to this effect below. Similarly, Zaire failed to make any allegation to the district court—either in his complaint or in his response to summary judgment—regarding his personal papers. As to the confiscation of his towel, even if Zaire's allegations were true, we conclude that the act is *de minimis* and insufficient to sustain Zaire's constitutional claim.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. Because Zaire's retaliation claims relate only to defendants Vincent and Armitage, defendants Coryer and Minogue do not remain parties to this appeal.